1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK STEPHEN CELICH, | CASE NO. C21-1707 MJP |
| Plaintiff, | ORDER DECLINING TO ISSUE SUMMONS AND DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, | |
| Defendant. | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis, (Dkt. No. 1), the proposed complaint, (Dkt. No. 4), Plaintiff's motion to appoint counsel, (Dkt. No. 5), and Plaintiff's request to serve summons, (Dkt. No. 6). The Court granted Plaintiff's motion to proceed in forma pauperis but must also review the proposed complaint under 28 U.S.C. § 1915(e)(2)(B). Having considered the complaint, the motion, and the request, the Court DECLINES to issue summons, DENIES the motion to appoint counsel, and DENIES the request to serve summons. The proposed complaint is DISMISSED without prejudice. Plaintiff may file a proposed amended complaint, which the Court will again review under

1   28 U.S.C. § 1915(e)(2)(B).  If Plaintiff does not within 30 days, the Clerk is directed to close this

2   case.

3         Once a complaint is filed in forma pauperis, the Court must dismiss it prior to service if it

4   is frivolous or "fails to state a claim on which relief can be granted."  28 U.S.C.

5   § 1915(e)(2)(b)(i)–(ii).  A complaint "is frivolous where it lacks an arguable basis either in law

6   or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  To state a claim for relief, a

7   complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a

8   short and plain statement of the claim showing that the claimant is entitled to relief, and a

9   demand for the relief sought.  Fed. R. Civ. P. 8(a).  The factual allegations of a complaint must

10   be "enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

11   Twombly, 550 U.S. 544, 555 (2007).  In addition, the factual allegations of a complaint must

12   state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13   A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

14   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

15         This is a proposed complaint for violation of civil rights against The Church of Jesus

16   Christ of Latter-Day Saints.  (Dkt. No. 4, "Complaint.")  Plaintiff claims he and his circle of

17   friends and coworkers have been the victims of a conspiracy of stalking and harassment carried

18   out by various members of the Church.  (Id., Ex. 1.)  He alleges violations of federal criminal

19   laws under 18 U.S.C. § 241 and 18 U.S.C. § 12601 (formerly 42 U.S.C. § 14141).  He also states

20   that he has taken his complaints to the Auburn Police Department and that their failure to

21   investigate his allegations may itself constitute a violation of his civil rights.

22         The Court declines to issue summons for two reasons.  First, Plaintiff has not identified

23   any jurisdictional basis for proceeding on his claims against the Church in federal court.

24

1    Although he has indicated his claims arise under federal civil rights laws, he has not alleged any

2    state action, which is necessary to establish federal jurisdiction for a civil rights claim.  42 U.S.C.

3    § 1983; 28 U.S.C. 1331.  The Church is not a state actor; although Plaintiff mentions the Auburn

4    Police Department, he has not named it as a defendant.  E.g., Ballinger v. City of Oakland, No.

5    19-16550 at *22 (9th Cir. 2022) (slip op.) ("A private individual's actions can only be considered

6    state action if a sufficiently close nexus makes private action treatable as that of the government

7    entity itself") (cleaned up).  It is also not clear whether Plaintiff wishes to proceed under 42

8    U.S.C. § 1983 because Plaintiff did not cite that statute, or any other federal civil statutes.

9    Instead, he cites criminal statutes that do not provide a civil cause of action.  (See Compl., Ex. 1

10   at 1.)  If the basis for jurisdiction is diversity of citizenship, Plaintiff must plausibly allege

11   damages that exceed $75,000.  See 28 U.S.C. § 1332(a).  Here, he seeks "compensation for being

12   stalked and harassed for over 10 years," but he does not indicate whether he seeks more than

13   $75,000 and the facts alleged are too spare to support the inference that damages would exceed

14   that amount.

15        The complaint also fails to state a claim that rises to the level of plausibility.  Although

16   Plaintiff names many individuals, his allegations against them are conclusory.  Stating that

17   someone is stalking or harassing him, without more, is not a sufficient basis for a legal claim.

18   He does not state any facts which, if proven, would demonstrate how he was stalked or harassed

19   or how his rights were otherwise violated.  He also does not plausibly allege a connection

20   between the sole named defendant and the individuals he has identified by name.

21        Plaintiff must state specific facts showing a defendant has violated his rights and that

22   there is a basis for federal jurisdiction.  Fed. R. Civ. P. Rule 8(a).  The proposed complaint is

23   DISMISSED without prejudice to Plaintiff's right to file a proposed amended complaint within

24

1  30 days.  Because the proposed complaint fails to state a claim and must be dismissed, the Court

2  also DENIES Plaintiff's motion to appoint counsel as moot.

3        The clerk is ordered to provide copies of this order to Plaintiff.

4        Dated February 7, 2022.

5

6        Marsha J. Pechman
         United States Senior District Judge

ORDER DECLINING TO ISSUE SUMMONS AND DENYING MOTION TO APPOINT COUNSEL - 4